Argued March 28; petitioner disbarred April 25, 1939

# In re McGOWAN

(89 P. (2d) 598)

In Banc.

*O. B. Setters,* of Portland, for petitioner.

*Will H. Masters,* of Portland, for Oregon State Bar.

BAILEY, J. The board of governors of the Oregon State Bar on November 29, 1938, filed with the clerk of this court a certified copy of its decision in the matter of the complaint as to the professional conduct of John H. McGowan, a duly admitted and practicing attorney of this court, and its order recommending that he be permanently disbarred from the practice of law. Accompanying the copy of decision and recommenda-

tion, the board also lodged in this court the original and supplemental complaints of the Oregon State Bar against the accused, and the latter's answer to the same, and further filed a certified copy of the findings and recommendation of the trial committee, a copy of the transcript of testimony taken before that committee, and certain other documents, some of which will hereinafter be mentioned.

Within sixty days from the filing of the record in this court, the accused, John H. McGowan, filed a verified petition asking that this court reverse the recommendation of the board of governors and dismiss the charges of misconduct filed against him. The specific grounds of reversal assigned by Mr. McGowan are the following: (1) that the findings of the trial committee "are not supported by the evidence taken, inasmuch as your petitioner has at no time been provided with the opportunity of presenting his evidence"; (2) that on August 23, 1938, the petitioner was notified that he might appear before the board of governors on September 28, and that on that date he did appear before the board and was interrogated regarding the charges which had been filed against him and the findings of the trial committee; that at the appointed time the petitioner appeared and informed the board that "he at no time had been heard on the charges"; that following the hearing before the board he had been furnished "a copy of the transcript of the findings" of the trial committee, and that that was the first time that he was "fully aware of the evidence" on which the trial committee based its decision; that thereafter he was advised by the board "that upon presenting certain affidavits regarding evidence which your petitioner was relying upon, they would consider granting a

trial *de novo*"; and that he thereupon did furnish an affidavit as to the second cause of complaint against him, but the board refused to permit him to present any evidence in his own defense, "although affidavits and evidence are at this time in possession of your petitioner"; (3) that on June 23, 1937, the petitioner and his attorney, W. M. Fitzgerald, were notified by a letter signed by the chairman of the trial committee that the charges against McGowan would be heard on July 8, 1937; that upon receipt of this letter the petitioner notified the chairman of the trial committee that he was not ready for a hearing at that time, and in addition notified his attorney that it would be necessary to have the hearing postponed until a later date; that the petitioner received no further information concerning a hearing, until more than a year thereafter; that during that period he had on numerous occasions telephoned to and had personal contact with the attorney above named, who told him that he had not had any further advice concerning the hearing, and that he presumed the matter had been dropped, and the petitioner did not learn until early in August, 1938, that his attorney had withdrawn from the proceeding, and it was not until then that he was "advised for the first time of the recommendations made by the board of governors"; that due to the failure of the trial committee to inform the petitioner of his attorney's withdrawal the petitioner had at all times been deprived of a hearing; and (4) that there is insufficient evidence of wrongful, fraudulent and malicious acts on his part to justify his disbarment.

The record before us discloses that on November 18, 1936, there was served on Mr. McGowan a copy of the complaint of the Oregon State Bar, together

with notice to appear and answer the same within a certain designated time. This complaint contained two counts, each accusing Mr. McGowan of appropriating to his own use money collected by him and belonging to his clients. Thereafter a supplemental complaint was filed against Mr. McGowan, which set forth a third count also charging misappropriation of his clients' money.

On December 21, 1936, Mr. McGowan filed his answer, a general denial of the charges contained in the original and supplemental complaints, signing the answer in person and not purporting to be represented by any attorney, although the verification of the answer was sworn to before Mr. Fitzgerald. As stated in Mr. McGowan's petition filed in this court, on June 23, 1937, both the petitioner and Mr. Fitzgerald, whom the record later refers to as his attorney, were notified by letter signed by the chairman of the trial committee that the trial of the charges filed against Mr. McGowan would be had at 7:30 p. m., July 8, 1937, with place of such trial designated. Mr. Fitzgerald thereafter, on July 7, 1937, wrote to the chairman of the trial committee, stating that he had not seen or heard from Mr. McGowan for months and did not know his whereabouts, and that he therefore gave notice of his withdrawal from the case.

On the following day, according to the record of the trial committee, at about 2:30 p. m., Mr. McGowan telephoned the chairman of that committee, stating that he had just received notice of the time and place of the trial and that he was not ready to proceed with the hearing. The chairman of the trial committee thereupon informed the accused that if he desired a continuance the proper procedure for him to follow

was to appear before the committee at the time and place set for the hearing and then and there make application for such continuance, and the accused stated that he would appear at that time and make such showing. At the time set for the trial the accused did not appear, and after delaying the hearing for half an hour, testimony was received in support of the different charges filed against the accused.

The trial committee concluded its hearing of the charges against Mr. McGowan on July 8, 1937. Thereafter it prepared its recommendation and summary of the evidence, and filed the same with the board of governors of the Oregon State Bar. Under date of July 26, 1938, the secretary of the Oregon State Bar sent a copy of the recommendation of the trial committee to Mr. McGowan, who wrote to the Oregon State Bar a letter dated August 4, 1938, in which he stated that when the proceedings for his disbarment were instituted he retained Mr. Fitzgerald, and he had presumed that Mr. Fitzgerald was representing him until he received the secretary's letter. He further stated that on the date for which the hearing was originally set or shortly before that date he requested his attorney to obtain a postponement and was advised by his attorney that such postponement had been arranged. In his letter he further said: "I wish to state at this time I had no notice of the new trial date either from your body or from my attorney"; and he then requested an opportunity to appear before the trial committee, "for the purpose of offering evidence in refutation of the charges made against me."

Later Mr. McGowan filed with the board of governors an affidavit sworn to on September 2, 1938, in which he stated that at the time of the original hearing

he was unable to obtain access to his files covering the matters involved in the hearing, and that he had requested his attorney to procure a postponement of the hearing; and he again asked for an opportunity to appear before the trial committee.

There is also in the file an affidavit of Mr. Fitzgerald, sworn to on September 8, 1938, in which he states that his attention has been called to the affidavit of Mr. McGowan, last above mentioned. He further states that he cannot be the person to whom it refers, for the reason that he had not been in communication with Mr. McGowan for several weeks before or several weeks after the time set for the hearing, and that he did not advise Mr. McGowan that the hearing had been postponed.

On September 28, 1938, Mr. McGowan appeared before the board of governors at a regular meeting of the board held in Salem, Oregon. At that meeting he told the board, according to the record, that he had not received notice of the hearing set for July 8, 1937, until the date of the hearing; that at the time of receiving such notice he was about to leave for Seattle; and that he telephoned to the chairman of the trial committee from the Union station. He further admitted that the chairman of the trial committee informed him that he should appear before the committee and make application for a continuance if he desired one, and he said that he thereupon telephoned his attorney, Mr. Fitzgerald, and requested him to arrange for a continuance, which Mr. Fitzgerald promised he would do.

Thereafter, on October 5, 1938, the board of governors made an order granting to Mr. McGowan five days from the date of service of such order within which to file a motion for a further hearing before the

board of governors, and further providing that he should "state in detail by affidavit attached to said motion why he had not appeared at the original hearing before the trial committee and what evidence he proposes to adduce in his defense." This order was sent to Mr. McGowan by registered mail and was received by him October 12. On the 17th of that month Mr. McGowan filed a motion supported by his own affidavit in which he related that he was to have been represented by Mr. Fitzgerald at the hearing before the trial committee and that Mr. Fitzgerald had informed him that he would arrange for a postponement; that over a year later, at the time he was notified by the secretary of the Oregon State Bar of the action of the trial committee, he was advised by Mr. Fitzgerald that he had withdrawn from the case. He further stated in that affidavit: "As regards evidence to be adduced by me in refutation of the complaints made, I propose to call witnesses and introduce documentary proof that such charges are unfair and have no foundation in fact." Ten days thereafter, on October 27, 1938, he filed the affidavit of William Groat, which related only to the second count.

On November 28, 1938, the board of governors in an opinion concurred in by all seven members of the board present approved the findings and recommendation of the trial committee as to the first and third counts, found that the accused was guilty of the charges contained in those two counts, and entered an order recommending to this court that Mr. McGowan be permanently disbarred from the practice of law. The board also found that Mr. McGowan had had due legal notice of the hearing before the trial committee and had failed to comply with the terms of the order of the board dated

October 5, 1938, and had failed to show cause why he should be granted a further hearing with respect to the charges contained in counts 1 and 3.

The only showing made by Mr. McGowan before the board of governors pursuant to its order of October 5, 1938, as to any defense he might have to the charges filed against him, was in regard to the second count, and the charges embodied in that count were eliminated from the order of recommendation to this court.

■ The first question here to be determined is whether Mr. McGowan has shown sufficient reasons to excuse his nonappearance at the hearing before the trial committee, and whether the showing made before the board of governors warrants the reopening of the case so that he may introduce evidence in refutation of the charges made against him. It is our opinion, from a consideration of the entire record, that Mr. McGowan deliberately failed to appear before the trial committee at the time the matter was set for hearing, and that he had not relied upon Mr. Fitzgerald to appear for him. This conclusion is based on the several stories told by Mr. McGowan as reasons for his not being able to appear, the positive statement made by Mr. Fitzgerald in his affidavit that he was not at that time representing Mr. McGowan and had not advised him of the postponement of the hearing, and the statement made by the chairman of the trial committee as to the conversation between himself and Mr. McGowan on the day the matter was set for hearing before the trial committee. Moreover, Mr. McGowan did not attempt to make any showing before the board of governors as to the defense, if any, which he had to the charges contained in counts 1 and 3. In the petition which he has

filed in this court he does not state what evidence he has, if any, as defense against those charges. We believe that he has not made a sufficient showing as to his failure to appear before the trial committee and as to his defense to the charges filed against him to justify remanding the matter for further hearing before the board of governors or the trial committee.

The first charge against Mr. McGowan is that he was employed by one Charles W. Oaten to collect the sum of $23.50 from Mrs. Myrtle Smith, for which he was to receive a 20 per cent commission. About a month after his employment Mr. McGowan met Mr. Oaten and advised him that the collection had been made and that on the first of the month he would send Mr. Oaten a check for the amount due him. He failed to do this, and several times thereafter Mr. Oaten saw McGowan, who each time promised to remit. Finally Mr. McGowan failed to keep his appointments with Mr. Oaten and no part of the amount collected was ever paid to Mr. Oaten.

The third count alleges that on August 5, 1936, Crown Finance Corporation filed an action against Walter Adamek in the district court for Multnomah county; that Mr. Adamek was operating a butcher shop and Mr. McGowan had incurred there a bill of $55; and that, knowing Mr. McGowan, Mr. Adamek retained him to make a settlement and was advised by Mr. McGowan that a settlement could be made for $25, which Mr. Adamek then gave him on the understanding that if no settlement should be made the money was to be returned to Adamek. Apparently Mr. McGowan did nothing concerning a settlement, but retained the money and failed to return any part of it to Mr. Adamek. A short time later the finance company took

an order of default and judgment against Mr. Adamek and was about to attach his meat market, when Mr. Adamek was informed of the judgment and was compelled to pay $50 in settlement of the same.

██ Based on the record before us, it is our conclusion that the charges of unprofessional conduct filed against John H. McGowan have been sustained and that he is guilty of unethical and unlawful conduct as an attorney at law which warrants his disbarment. It is therefore ordered that the said John H. McGowan be and he hereby is disbarred from the practice of law in this state.

BELT, J. In my opinion absolute disbarment is too severe. I recommend suspension for one year.

BEAN, J., concurs.